IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA    )
                            )
v.                          )    No. 3:04-CR-136
                            )
JAMES DOTSON                )


## MEMORANDUM AND ORDER


This criminal case is before the court on the defendant's objections

to the presentence report.  Specifically, the defendant argues that a burglary

conviction listed in the presentence report [¶ 48] was an illegal conviction and

cannot count toward a finding that he is an armed career criminal.  The court

asked the parties to brief two issues related to this objection, and both the

government and the defendant have filed memoranda in response to the court's

request.  The issue concerning whether this court has the authority to consider a

collateral attack on a state court conviction is dispositive of the defendant's

objections.

In *Custis v. United States*, 511 U.S. 485, 497, the Supreme Court

held that a federal sentencing forum may not be used by defendants to gain

review of prior state court convictions, absent a claim that the prior conviction was

obtained without benefit or waiver of counsel.  In this case, the defendant is

claiming that the prior state court burglary conviction is unlawful because the grand jury did not have the authority to return an indictment against the defendant. Thus, based on *Custis*, this court may not review the defendant's state court burglary conviction, and the conviction may be used as a predicate offense for a finding that he is an armed career criminal.

Therefore, it is hereby **ORDERED** that the defendant's objection related to the burglary conviction is **OVERRULED**.

The defendant has filed two other objections. First, he argues that two prior state convictions were sentenced at the same time so they should count as only one prior conviction.[1] The offenses, one for burglary and one for aggravated burglary, occurred on different dates (Oct. 4, 1998, and May 12, 2000), even though sentences were ordered to run concurrently. For purposes of the Armed Career Criminal Act (*see* 18 U.S.C. § 924(e)), offenses are committed on occasions different from one another if the offenses occur on different dates, and in this case, different years, even if the sentences are to be served concurrently. *See United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006).

Second, the defendant argues that he should have received a § 5K1.1 motion from the government because his co-defendant pled guilty. Absent a showing that the government's refusal to file a § 5k1.1 motion was

---

[1] Actually, the sentences for the two convictions were imposed on different dates, but ordered to be served concurrently.

2

based on an unconstitutional motive (such as race or religion), this court has no authority to order the government to file such a motion. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Therefore, it is further **ORDERED** that the defendant's second set of objections are likewise **OVERRULED**.


ENTER:


_____ *s/ Leon Jordan* _____
United States District Judge