UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES DOTSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:04-CR-136-1 |
| | ) 3:17-CV-104-RLJ |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Presently before the Court is a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James Dotson which challenges his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent en banc decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, petitioner's § 2255 motion [Doc. 142] will be **GRANTED.**

---

[1] By order dated March 21, 2017, the Sixth Circuit authorized petitioner to file a second or successive §2255 motion, finding that petitioner has made a prima facie showing that his *Johnson* claim relies on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2) [Doc. 141]. The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

**I.      BACKGROUND**

On October 4, 2005, a grand jury sitting in the Eastern District of Tennessee returned a four-count superseding indictment charging petitioner at count one with stealing a firearm, in violation of 18 U.S.C. § 924(k); at counts two and three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e); and, at count four with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). On November 9, 2005, petitioner was convicted by a jury verdict of guilty at all four counts.

The presentence investigation report ("PSIR") identified three previous convictions of a violent felony that qualified petitioner as an armed career criminal under the ACCA: (1) a 1995 conviction of robbery in the Anderson County, Tennessee, Criminal Court [PSIR ¶ 38]; (2) a 2001 conviction of burglary in the Morgan County, Tennessee, Criminal Court [PSIR ¶ 48]; and, (3) a 2000 conviction of aggravated burglary in the Anderson County, Tennessee, Criminal Court [PSIR ¶ 56]. As an armed career criminal, petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life and his advisory guideline range was calculated as 235 to 293 months [PSIR ¶¶ 98, 99]. On May 30, 2006, petitioner was sentenced to a term of imprisonment of 235 months, consisting of 235 months at each of counts two and three, and 120 months at each of counts one and four, all to be served concurrently, and a term of supervised release of five years, consisting of five years at each of counts two and three, and three years at each of counts one and four, all to run concurrently [Doc. 83].

Petitioner's conviction, armed career criminal designation, and sentence were affirmed on direct appeal by the Sixth Circuit Court of Appeals on June 19, 2007 [Doc. 104]. Petitioner's petition for a writ of certiorari was denied by the Supreme Court on November 15, 2007 [Doc. 107].

2

Case 3:04-cr-00136-RLJ-CCS   Document 146   Filed 07/25/17   Page 2 of 9   PageID #: 256

Petitioner filed his first § 2255 motion on October 28, 2008, alleging ineffective assistance of counsel and also challenging his armed career criminal status on the ground that one of his predicate convictions was entered by a court that lacked jurisdiction [Doc. 108]. On January 3, 2013, the Court denied petitioner's motion [Docs. 120 and 121]. Petitioner did not seek a certificate of appealability.

On June 27, 2016, petitioner, through court-appointed counsel, filed a second § 2255 motion raising a new challenge to his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 128]. Because petitioner had not received authorization to file a second or successive petition, the Court transferred that motion to the Sixth Circuit for certification pursuant to 28 U.S.C. § 1631 [Doc. 132]. On March 21, 2017, the Sixth Circuit granted petitioner's request for certification and authorized this Court to consider petitioner's proposed application for relief. [Doc. 141].

On March 23, 2017, petitioner filed a pro se § 2255 motion challenging his armed career criminal designation under *Johnson* as authorized by the Sixth Circuit. The government's motion to defer ruling on petitioner's motion pending an en banc decision from the Sixth Circuit in *United States v. Stitt*, 646 Fed. App'x 454 (6th Cir. 2016), was granted by the Court on June 2, 2017 [Doc. 144]. On June 27, 2017, the Sixth Circuit issued its en banc decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *United States v. Stitt*, 860 F.3d at 856.

On July 12, 2017, the government filed a status report conceding that petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 145].

3

## II.  ANALYSIS

### 1.  TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category – the assertion of a newly recognized right made retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S.Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381-85.  The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable.  *Dodd v. United States*, 545 U.S. 353, 357 (2005).  Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, although petitioner's §2255 motion contains a certificate of service from his court appointed counsel that a copy of the document was filed electronically on June 26, 2016, it

4

was not filed and entered on the record until June 27, 2016 [Doc. 128], which is one day beyond the one-year limitation period set forth in § 2255(f).  However, the failure to comply with a statute of limitations is an affirmative defense which can be waived.  *Scott v. Collins*, 286 F.3d 923, 927–28 (6th Cir. 2002).  Moreover, a statute of limitations defense is not jurisdictional, and courts are under no obligation to raise the time bar *sua sponte*.  *Day v. McDonough*, 547 U.S. 198, 205 (2006).[2]

Here, the government has not raised a statute of limitations defense and indeed has conceded that petitioner is entitled to relief under *Johnson* and *Stitt*.  Accordingly, this Court will construe the government's silence on the matter as a waiver of any statute of limitations defense, and thus need not delve into the issue of whether petitioner might be entitled to equitable tolling of the limitations period under the circumstances of this case. [3]

## 2. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid."  *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist

---

[2] In *Day*, the Supreme Court held that courts are permitted, but not obliged, to consider the timeliness of a habeas petition *sua sponte*, abrogating *Scott* to the extent *Scott* had held that a district court was not permitted to consider the timeliness of a petition *sua sponte* after the filing of an answer that had not raised the issue as an affirmative defense. *Day*, 547 U.S. at 209.

[3] Because the one-year period of limitation for filing a § 2255 petition is not jurisdictional, it is subject to equitable tolling in appropriate cases.  *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006).  A habeas petitioner is entitled to equitable tolling only if the petitioner shows that: (1) he has been pursuing his rights diligently, and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

5

Case 3:04-cr-00136-RLJ-CCS   Document 146   Filed 07/25/17   Page 5 of 9   PageID #: 259

direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### 3. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-

6

physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and thus is invalid—if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, one of Petitioner's three predicate offenses was for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [PSR ¶ 56]. Petitioner contends, *inter alia*, that aggravated burglary can qualify as a predicate offense only under the residual clause of the ACCA. In response, the government initially cited binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the en banc *Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860-61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of §924(e)(2)(B),[4] and *Johnson* invalidated the residual clause, petitioner's aggravated burglary conviction under the Tennessee statute can no longer be used as a predicate offense under the ACCA. Furthermore, absent that conviction, petitioner no longer has the

---

[4] The government concedes that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 145 p. 2].

7

requisite three prior convictions of a violent felony necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 235-month terms of imprisonment and five-year terms of supervised release imposed by this Court at counts two and three of the superseding indictment exceed the maximum authorized sentences of not more than 10 years' imprisonment and not more than three years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to §2255 relief, as petitioner has been sentenced at counts two and three to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b). In this case, the parties submit that the appropriate relief would be to correct petitioner's sentence at counts two and three to a sentence of time served and to reduce the supervised release terms imposed at those counts to three years. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and will enter an order accordingly.

### 4. CONCLUSION

For the reasons set forth herein, the Court finds that petitioner is entitled to relief under § 2255 and will grant petitioner's § 2255 motion [Doc. 142]. As petitioner already has served 158 months in prison [Doc. 145 p. 2], a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*, petitioner's term of imprisonment will be corrected and reduced to a sentence

8

Case 3:04-cr-00136-RLJ-CCS   Document 146   Filed 07/25/17   Page 8 of 9   PageID #: 262

of "time served" at counts two and three of the superseding indictment.[5]  While petitioner is entitled to discharge from custody, this order will not take effect until 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release.  Further, the Judgment dated May 30, 2006 [Doc. 83], will be amended to reflect a term of supervised release of three years at each of counts two and three of the superseding indictment, to run concurrently with each other and with the three-year terms previously imposed at counts one and four.  In all other respects, the Judgment dated May 30, 2006, shall remain in full force and effect.

**ORDER ACCORDINGLY.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[5] Petitioner already has served the 120-month concurrent terms of imprisonment imposed at counts one and four of the superseding indictment in their entirety.